KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Facsimile: (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR0972-WQH |
|---|---|
| Plaintiff, | ) Date: May 19, 2008<br>) Time: 2:00 p.m. |
| v. | ) The Honorable William Q. Hayes |
| RAMON VASQUEZ-CABRALES (1),<br>BERNICE PELAYO-HERNANDEZ (2),<br>DENISE PELAYO-HERNANDEZ (3), | ) **STATEMENT OF FACTS AND**<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES** |
| Defendants. | ) |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions in the above-referenced case for (1) Reciprocal Discovery; and (2) Leave to File Further Motions. These motions are based on the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

//

//

**I**

**STATEMENT OF THE CASE**

On April 9, 2008, a federal grand jury in the Southern District of California returned a three-count Indictment charging Ramon Vasquez-Cabrales, Bernice Pelayo-Hernandez, and Denise Pelayo-Hernandez (collectively "Defendants") with transportation of illegal aliens and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II). On April 10, 2008, Defendants were arraigned on the Indictment and each Defendant pled not guilty. The motion hearing is on May 19, 2008. The United States hereby files the following motions for reciprocal discovery and leave to file further motions.

**II**

**STATEMENT OF FACTS**

**A.   OFFENSE CONDUCT**

**1.   Events Leading To Apprehension**

On March 25, 2008, Border Patrol Agents were assigned to patrol duties near Boulevard, California in marked vehicles. Boulevard, California, is approximately five miles north of the U.S.-Mexico international border and approximately twenty miles east of Tecate, California, Port of Entry. At approximately 9:57 p.m., agents observed a white Ford F-150 pickup truck traveling northbound with the driver and passenger visible and the truck appeared heavily laden as it bounced excessively. Agents followed the truck onto Interstate 8. Agents performed a registration check and learned the truck was registered with a release of liability. In the agents experience, illegal alien and drug smugglers use vehicles with a release of liability in order to conceal the identity of the true owner of the vehicle. Agents pulled alongside the truck and observed the driver, later identified as Ramon Vasquez-Cabrales, and observed a tarp covering the bed area of the pickup truck. The truck exited the freeway and turned into a driveway with a locked gate. While the truck was stopped, agents observed several people moving around underneath the tarp in the back of the truck. Agents exited their vehicles and approached the truck, where they found the driver and nine individuals – one in the passenger seat, one on the floorboard, and seven laying down underneath the tarp in the bed of the truck. All nine individuals freely admitted to being citizens and nationals of Mexico without any documentation to enter or legally remain in the United States. All nine individuals were arrested and transported for processing.

1       At approximately 11:00 p.m., Border Patrol agents assigned to the Highway 94 checkpoint in
2 Jamul, California, encountered two females, later identified as Bernice Pelayo-Hernandez and Denise
3 Pelayo-Hernandez, approach the primary lanes in a gold Dodge Intrepid. Both females claimed to be
4 United States citizens, but the driver, Bernice Pelayo-Hernandez, did not have any identification and
5 was referred to secondary inspection for further checks.

6       While in the secondary area, Bernice Pelayo-Hernandez told agents that she had come directly
7 from Tecate, Mexico, and that she had been in Mexico. However, records checks revealed that the car
8 driven by Bernice Pelayo-Hernandez had not crossed into the United States from Mexico within the last
9 72 hours. Bernice Pelayo-Hernandez freely admitted that she contacted a friend, named
10 "Ramon/Eduardo" to work as a scout for alien smuggling. Her role was to drive past the Golden Acorn
11 Casino and let "Ramon/Eduardo" know whether the area was clear of Border Patrol and California
12 Highway Patrol. Bernice Pelayo-Hernandez said she had not be contacted and so she assumed that the
13 vehicle for which she was a scout had been caught. Agents arrested Bernice and Denise Pelayo-
14 Hernandez for alien smuggling.

15       **2.**    **Post-Arrest Statements**

16 Agents advised Bernice Pelayo-Hernandez of her <u>Miranda</u> rights, she acknowledged she
17 understood her rights, and agreed to waive her rights and speak with agents without the presence of
18 counsel. Bernice Pelayo-Hernandez, who is a citizen of the United States, said she had been contacted
19 several times in the past week by a man to see whether she would work as a scout driver for an alien
20 smuggling vehicle. She told agents that she met the man only once and that she and her sister, Denise,
21 have smuggled aliens for the man in the past. On this occasions, she was to be paid $200.00. Bernice
22 Pelayo-Hernandez also told agents that her sister, Denise, had the registration to the pickup truck, which
23 was driven by co-defendant Ramon Vasquez-Cabrales, in her purse in the event that they had to unload
24 the aliens before the checkpoint, have the aliens walk around the checkpoint, while Bernice and Denise
25 drove the empty truck through the checkpoint to the pickup area on the other side.

26      Agents advised Denise Pelayo-Hernandez of her <u>Miranda</u> rights, she acknowledged she
27 understood her rights, and agreed to waive her rights and speak with agents without the presence of
28 counsel. Denise Pelayo-Hernandez, who is a citizen of the United States, agreed to accompany her

sister, Bernice, as a scout driver for an alien smuggling vehicle. Denise Pelayo-Hernandez said that their job was to drive to the Border Patrol checkpoint on Highway 94 to see whether it was operational and communicate with the smugglers. Denise Pelayo-Hernandez admitted that her sister, Bernice, gave her the registration to the pickup truck, which was driven by co-defendant Ramon Vasquez-Cabrales. Denise Pelayo-Hernandez told agents that she did not know why her sister gave her the paperwork.

### 3. Material Witness Statements

Material Witnesses Eduardo Reyes-Rodriguez, Juan Carlos Yepez-Yepez, and Ramon Torres-Silva (collectively "Material Witnesses"), freely admitted to being citizens and nationals of Mexico without any documentation to enter or remain legally in the United States. Material Witnesses admitted that they were going to pay between $1,300 and $1,500 to be smuggled into the United States and transported to their destination therein. Material Witness Eduardo Reyes-Rodriguez, was shown a photographic lineup and was able to identify Defendant Vasquez-Cabrales as the driver of the truck.

### B. DEFENDANTS' CRIMINAL AND IMMIGRATION HISTORIES

Ramon Vasquez-Cabrales is a citizen and national of Mexico. Defendant Vasquez-Cabrales does not have any prior criminal convictions, however, he has been apprehended before by Border Patrol on or about February 11, 2008. Defendant Vasquez-Cabrales was removed to Mexico shortly thereafter.

Bernice Pelayo-Hernandez is a citizen of the United States. She has no prior criminal convictions, but she has several prior apprehensions for alien smuggling at the San Ysidro, California, Port of Entry and at the Border Patrol Checkpoint on Highway 94 on or about: (1) March 4, 2004; (2) December 5, 2005; (3) November 16, 2007; and (4) January 21, 2008.

Denise Pelayo-Hernandez is a citizen of the United States. She has no prior criminal convictions, but she has several prior apprehensions for alien smuggling, on the same days as her sister, Bernice, at the San Ysidro, California, Port of Entry and at the Border Patrol Checkpoint on Highway 94 on or about: (1) March 4, 2004; and (2) January 21, 2008.

//
//
//

# III

# MEMORANDUM OF POINTS AND AUTHORITIES

## A.   MOTION FOR RECIPROCAL DISCOVERY

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

### 1.   Defendant's Disclosures Under Fed R. Crim. P. 16(b)

The United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced, to each Defendant, 136 pages of discovery (including reports of the arresting officers and agents, criminal history reports, documents concerning Defendant's prior convictions and immigration history) and one DVD-ROM containing each Defendant's videotaped, post-arrest statements. As of the date of this Motion, the United States has **not** received any reciprocal discovery from Defendant. Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

/ /

### 2. Witness Statements Under Fed. R. Crim. P. 26.2

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### B. MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

## IV

## CONCLUSION

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Reciprocal Discovery and Leave to File Further Motions.

DATED: April 28, 2008

        Respectfully submitted,

        KAREN P. HEWITT
        United States Attorney

        /s/ **_Joseph J.M. Orabona_**
        JOSEPH J.M. ORABONA
        Assistant United States Attorney