FILED

APR 29 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Honorable William McCurine, Jr.)

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. RAMON VASQUEZ-CABRAL, et al. Defendant. | Criminal Case No. 08cr0972<br>Magistrate Case No. 08mj0942<br><br>**Order For the Videotaped Deposition of The Material Witnesses** |

Pursuant to the motion of material witnesses, Eduardo Reyes-Rodriguez and Ramon Torres-Silva, by and through their attorney, Linda A. King, by appearance of the parties and their respective counsel, and good cause appearing:

**ORDER**

1. Unless the Material Witnesses are previously released from custody of both the U.S. Marshall and the Bureau of Immigration and Customs Enforcement, the Material Witnesses shall be deposed during the week of May 27, 2008 by the counsel to agree on the time. The deposition will be at the U.S. Attorney's office in San Diego, California. An employer of U.S. Attorney's shall serve as the videotape operator.

2. All shall attend the depositions. The arresting agency shall bring the Material Witnesses

1  to the depositions and remain present during the proceeding. If the defendant(s) are in custody, they
2  shall be brought separately to the deposition.
3          3. The United States Attorney's Office shall arrange for a court-certified interpreter to be
4  present for the Material Witnesses, if necessary. The cost of the interpreter for the Material Witneses
5  will be borne by the United States. See 28 U.S.C.
6          4. If the defendant needs an interpreter independent of the Material Witnesses' interpreter
7  (if any), defense counsel will arrange for a court-certified interpreter to be present. The cost of a
8  separate interpreter shall be paid by the court.
9          5. The U.S. Attorney's Office shall arrange for a certified court reporter to be present. The
10 court reporter shall stenographically record the testimony and serve as a notary and preside at the
11 depositions in accordance with Rule 28(a), Fed. R. Civ. P. The cost of the court reporter shall be
12 borne by the U.S. Attorneys Office.
13         6. The depositions shall be videotape recorded. Prior to the conclusion of each deposition,
14 the deponent, or a party, may elect to have the deponent review the videotape record of his
15 deposition and to note any changes. Any errors or changes, and the reason for making them, shall
16 be stated in writing and such writing shall be signed by the deponent.
17         7. The videotape operator shall select and supply all equipment required to videotape and
18 audiotape the depositions and shall determine all matters of staging and technique, such as number
19 and placement of cameras and microphones, lighting, camera angle, and background. He/She shall
20 determine these matters in a manner that accurately reproduces the appearance of the witnesses and
21 assures clear reproduction of each witness' testimony and the statements of counsel. The witnesses,
22 or any party to the action, may place upon the record any objection to the videotape operator's
23 handling of any of these matters. Such objection shall be considered by the Court in ruling on the
24 admissibility of the video and/or audiotape record. All such objection shall be deemed waived
25 unless made promptly after the objector knows, or has reasonable grounds to know, of the basis of
26 such objection.
27         8. The Material Witnesses shall be deposed in an order as determined by the Assistant
28 United States Attorney conducting the depositions for the prosecution. The depositions shall be

1  recorded in a fair, impartial, objective manner. The videotape equipment shall be focused on the
2  witness, however, the videotape operator may from time to time focus upon charts, photographs,
3  exhibits or like material being shown to the witness during the deposition.
4      9. Before examination of the witnesses, the notary shall state on the video/audio record (a)
5  his/her name and address, (b) the date, time and place of the depositions, [c] the name of the witnesses
6  and the caption of the action, and (d) the identity of the parties and the names of all persons present
7  in the room. The notary will then swear the witness on the video record. Further, at the beginning of
8  the examination by each counsel, the counsel shall identify himself/herself and his/her respective
9  client on the record. If more than one videotape is used, the notary shall repeat items (a), (b) and [c]
10 at the beginning of each new tape.
11     10. The videotape operator shall not stop the video recorder after the deposition commences
12 until it concludes, except, however, that any party may request a cessation for a brief recess, which
13 request will be honored unless another party objects and states the basis for said objection on the
14 record. Each time the tape is stopped or started, the videotape operator shall announce the time on
15 the record. If the deposition requires the use of more than one tape, the end of each tape and the
16 beginning of the next shall be announced orally on the video recorded by the operator.
17     11. Testimonial evidence objected to shall be recorded as if the objection had been overruled
18 and the court shall rule on the objection prior to admitting that portion of the deposition. The party
19 raising the objection(s) shall be responsible for preparing a transcript for the court to consider. All
20 objections to the evidence presented shall be deemed waived unless made during the deposition.
21     12. If requested by a party, the deposition testimony, if offered other than for impeachment,
22 may be presented in non-stenographic audio/visual format, in which case no transcript need be
23 prepared in advance of trial, unless otherwise ordered by the Court , See Fed. R. Civ.P32 [c].
24     13. Copies of all exhibits utilized during the videotaped deposition shall be marked for
25 identification during the deposition and filed along with the videotape.
26     14. At the conclusion of each deposition, the Government and defendants will advise the
27 material witness' attorney if they intent object to the release of the material witness(es). If the parties
28 do not object to the witness' release, the Government and defense attorney will immediately approve

1  an order for the material witness' release from custody. The Government will provide the witness
2  with a subpoena for the trial date, a travel advance fund letter, and written authorization to enter the
3  United States to testify at trial.

4      15. If either party objects to the release of the material witness(es), the objecting party must
5  immediately request in writing a hearing on the issue before the District Court within four business
6  hours after the deposition is concluded. At the hearing, the objecting party must be prepared to show
7  why the release of the material witness is not appropriate under 18 USC § 3144. If, after the hearing,
8  the court decides to release the material witness, the material witness attorney should file the witness
9  release order immediately. Again, the Government must serve the witness with a trial subpoena a
10  travel fund advance letter, and written authorization to legally enter the United States to testify at trial
11  before the material witness is released.

12      16. Upon request by either party, the videotape operator shall provide a copy of the videotape
13  deposition to the requesting party at the requesting party's expense. After preparing the requested
14  copies, if any, the videotape operator shall turn the original videotape over to the notary along with
15  a certificate signed by the videotape attesting that the videotape is an accurate and complete record
16  of the deposition.

17      17. The notary shall file this original tape, along with any exhibits offered during the
18  deposition, with the Court in a sealed envelope marked with the caption of the case, the names of the
19  witness and the date of the deposition. To that envelope, the notary shall attach the sworn statement
20  that the videotape is accurate and complete record of the recorded deposition and certification that
21  the witness was duly sworn by the officer.

22      18. To the extent that the procedures set forth herein for the videotaping vary from those set
23  forth in Rules 28 and 30 F.R.Civ.P., these variations are found to be for good cause shown as allowed
24  by F.R. Civ. P.29.
25  //
26  //
27  //
28

1      19. Unless waived by the parties, the notary must give prompt notice to all parties of the filing
2 of the videotaped record of the deposition with the Court to Fed.R.Civ.P.30(f)(3).
3
4
5      **IT IS ORDERED.**
6
7
8 Date:  _____4/29/08_____                    _____
                                                                Judge ----
9                                                               United States Magistrate Judge
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28