KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7736
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0972-WQH |
| Plaintiff, | Date: August 21, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 3 |
| v. | The Honorable William Q. Hayes |
| DENISE PELAYO-HERNANDEZ (3), | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT DENISE PELAYO-HERNANDEZ'S MOTION FOR DOWNWARD DEPARTURES** |
| Defendant. | |
| | **TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Response in Opposition to Defendant Denise Pelayo-Hernandez's above-referenced Motion. This Response in Opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

//
//
//
//
//

**I**

**STATEMENT OF THE CASE**

On April 9, 2008, a federal grand jury in the Southern District of California returned a three-count Indictment charging Ramon Vasquez-Cabrales, Bernice Pelayo-Hernandez, and Denise Pelayo-Hernandez with transportation of illegal aliens and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II). On April 10, 2008, Defendants were arraigned on the Indictment and each Defendant pled not guilty. On April 30, 2008, Defendant Denise Pelayo-Hernandez ("Defendant Pelayo") filed motions to compel discovery and leave to file further motions. On May 22, 2008, all three Defendants pled guilty to alien smuggling. On August 4, 2008, Defendant Pelayo filed a motion for downward departures asking the Court to split her sentence. The United States files the following response in opposition to this request.

**II**

**STATEMENT OF FACTS**

**A.     OFFENSE CONDUCT**

**1.     Events Leading To Apprehension**

On March 25, 2008, Border Patrol Agents were assigned to patrol duties near Boulevard, California in marked vehicles. Boulevard, California, is approximately five miles north of the U.S.-Mexico international border and approximately twenty miles east of Tecate, California, Port of Entry. At approximately 9:57 p.m., agents observed a white Ford F-150 pickup truck traveling northbound with the driver and passenger visible and the truck appeared heavily laden as it bounced excessively. Agents followed the truck onto Interstate 8. Agents performed a registration check and learned the truck was registered with a release of liability. In the agents experience, illegal alien and drug smugglers use vehicles with a release of liability in order to conceal the identity of the true owner of the vehicle. Agents pulled alongside the truck and observed the driver, later identified as Ramon Vasquez-Cabrales, and observed a tarp covering the bed area of the pickup truck. The truck exited the freeway and turned into a driveway with a locked gate. While the truck was stopped, agents observed several people moving around underneath the tarp in the back of the truck. Agents exited their vehicles and approached the truck, where they found the driver and nine individuals – one in the passenger seat, one on the

1  floorboard, and seven laying down underneath the tarp in the bed of the truck.  All nine individuals
2  freely admitted to being citizens and nationals of Mexico without any documentation to enter or legally
3  remain in the United States.  All nine individuals were arrested and transported for processing.

4        At approximately 11:00 p.m., Border Patrol agents assigned to the Highway 94 checkpoint in
5  Jamul, California, encountered two females, later identified as Bernice Pelayo-Hernandez and Denise
6  Pelayo-Hernandez, approach the primary lanes in a gold Dodge Intrepid.  Both females claimed to be
7  United States citizens, but the driver, Bernice Pelayo-Hernandez, did not have any identification and
8  was referred to secondary inspection for further checks.

9        While in the secondary area, Bernice Pelayo-Hernandez told agents that she had come directly
10 from Tecate, Mexico, and that she had been in Mexico.  However, records checks revealed that the car
11 driven by Bernice Pelayo-Hernandez had not crossed into the United States from Mexico within the last
12 72 hours. Bernice Pelayo-Hernandez freely admitted that she contacted a friend, named
13 "Ramon/Eduardo" to work as a scout for alien smuggling.  Her role was to drive past the Golden Acorn
14 Casino and let "Ramon/Eduardo" know whether the area was clear of Border Patrol and California
15 Highway Patrol.  Bernice Pelayo-Hernandez said she had not be contacted and so she assumed that the
16 vehicle for which she was a scout had been caught.  Agents arrested Bernice and Denise Pelayo-
17 Hernandez for alien smuggling.

18       **2.**      **Post-Arrest Statements**

19 Agents advised Bernice Pelayo-Hernandez of her <u>Miranda</u> rights, she acknowledged she
20 understood her rights, and agreed to waive her rights and speak with agents without the presence of
21 counsel. Bernice Pelayo-Hernandez, who is a citizen of the United States, said she had been contacted
22 several times in the past week by a man to see whether she would work as a scout driver for an alien
23 smuggling vehicle.  She told agents that she met the man only once and that she and her sister, Denise,
24 have smuggled aliens for the man in the past.  On this occasions, she was to be paid $200.00.  Bernice
25 Pelayo-Hernandez also told agents that her sister, Denise, had the registration to the pickup truck, which
26 was driven by co-defendant Ramon Vasquez-Cabrales, in her purse in the event that they had to unload
27 the aliens before the checkpoint, have the aliens walk around the checkpoint, while Bernice and Denise
28 drove the empty truck through the checkpoint to the pickup area on the other side.

Agents advised Denise Pelayo-Hernandez of her <u>Miranda</u> rights, she acknowledged she understood her rights, and agreed to waive her rights and speak with agents without the presence of counsel. Denise Pelayo-Hernandez, who is a citizen of the United States, agreed to accompany her sister, Bernice, as a scout driver for an alien smuggling vehicle. Denise Pelayo-Hernandez said that their job was to drive to the Border Patrol checkpoint on Highway 94 to see whether it was operational and communicate with the smugglers. Denise Pelayo-Hernandez admitted that her sister, Bernice, gave her the registration to the pickup truck, which was driven by co-defendant Ramon Vasquez-Cabrales. Denise Pelayo-Hernandez told agents that she did not know why her sister gave her the paperwork.

### 3. **Material Witness Statements**

Material Witnesses Eduardo Reyes-Rodriguez, Juan Carlos Yepez-Yepez, and Ramon Torres-Silva (collectively "Material Witnesses"), freely admitted to being citizens and nationals of Mexico without any documentation to enter or remain legally in the United States. Material Witnesses admitted that they were going to pay between $1,300 and $1,500 to be smuggled into the United States and transported to their destination therein. Material Witness Eduardo Reyes-Rodriguez, was shown a photographic lineup and was able to identify Defendant Vasquez-Cabrales as the driver of the truck.

### B. **DEFENDANTS' CRIMINAL AND IMMIGRATION HISTORIES**

Ramon Vasquez-Cabrales is a citizen and national of Mexico. Defendant Vasquez-Cabrales does not have any prior criminal convictions, however, he has been apprehended before by Border Patrol on or about February 11, 2008. Defendant Vasquez-Cabrales was removed to Mexico shortly thereafter.

Bernice Pelayo-Hernandez is a citizen of the United States. She has no prior criminal convictions, but she has several prior apprehensions for alien smuggling at the San Ysidro, California, Port of Entry and at the Border Patrol Checkpoint on Highway 94 on or about: (1) March 4, 2004; (2) December 5, 2005; (3) November 16, 2007; and (4) January 21, 2008.

Denise Pelayo-Hernandez is a citizen of the United States. She has no prior criminal convictions, but she has several prior apprehensions for alien smuggling, on the same days as her sister, Bernice, at the San Ysidro, California, Port of Entry and at the Border Patrol Checkpoint on Highway 94 on or about: (1) March 4, 2004; and (2) January 21, 2008.

# III

**THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS ALONG WITH MEMORANDUM OF POINTS AND AUTHORITIES**

### A.    DEFENDANT'S MOTION FOR A SPLIT SENTENCE SHOULD BE DENIED

Defendant Pelayo filed a motion for downward departures on August 4, 2008. In her motion, Defendant Pelayo requests that the Court sentence her to 18 months' custody, with half of the time to be served in home confinement. [Def. Motion at 4.] However, the plea agreement strictly states that the parties agree **not** to recommend any upward or downward adjustments or departures, including any sentencing reductions under 18 U.S.C. § 3553(a). [Plea Agreement at 12.] Furthermore, the parties agreed to recommend the low end of the advisory guideline range as the term of custody. [Plea Agreement at 13.]

Either the government or the defendant can be said to breach a plea agreement if the party fails to live up to the promises it made under the terms of the agreement. See United States v. Sandoval-Lopez, 122 F.3d 797, 800 (9th Cir. 1997). Courts have found the government to be free from its obligations under a plea agreement where a defendant has breached the agreement. Id. Here, the parties agreed not to move for any downward departures, other than those stipulated to in the plea agreement. The United States takes the position that Defendant Pelayo's motion for downward departures, except those recommended in the plea agreement, and any request for a split sentence is contrary to the plain language of the plea agreement and may constitute a breach of such agreement.

According to the plea agreement, after all departures and adjustments, Defendant Pelayo's total offense level is 15, and her criminal history category is I, with an advisory guideline range of 18 to 24 months' custody. This advisory guideline range is in Zone D. Under USSG § 5C1.1(f), the "minimum term shall be satisfied by a sentence of imprisonment." Therefore, an advisory guideline range in Zone D is not eligible for a split sentence. As such, under the advisory guidelines, Defendant Pelayo's request for a split sentence is not appropriate.

The Court has greater discretion under § 3553(a) when fashioning a sentence. See United States v. Booker, 543 U.S. 220, 245 (2005); Gall v. United States, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); Rita v. United States, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); see also United States v. Cherer, 513 F.3d

1150 (9th Cir. 2008). However, as noted above, the plea agreement does not permit Defendant Pelayo to request any sentencing reductions under § 3553(a). [Plea Agreement at 12.] As such, Defendant Pelayo cannot request a split sentence as a sentencing reduction under § 3553(a).

### B.     The § 3553(a) Factors Do Not Warrant a Variance from the Guidelines

The United States takes the position that the advisory Guidelines take into account each of the broadly referenced categories of factors stated in § 3553(a). See United States v. Myktiuk, 415 F.3d 606, 607-08 (7th Cir. 2005); United States v. Shannon, 414 F.3d 921, 924 (8th Cir. 2005). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Here, the parties have stipulated that the parties' joint recommendation of 18 months' custody, pursuant to the plea agreement, addresses all of the factors set forth in § 3553(a).

## IV

## CONCLUSION

For the foregoing reasons, the United States requests the Court deny Defendant Pelayo's Motion to split her sentence, and sentence Defendant to 18 months' custody as agreed to by the parties pursuant to the written plea agreement and the United States' Sentencing Summary Chart. An 18-month sentence is reasonable under the facts of this case and will prevent unwarranted sentencing disparities.

DATED: August 18, 2008.

          Respectfully submitted,

          KAREN P. HEWITT
          United States Attorney

          /s/ *Joseph J.M. Orabona*
          JOSEPH J.M. ORABONA
          Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 08CR0972-WQH |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| v. | ) | |
| DENISE PELAYO-HERNANDEZ (3), | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **The United States' Response in Opposition to Defendant's Motions for Downward Departures** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Holly S. Hanover, Esq.
Law Office of Holly S. Hanover
1016 La Mesa Avenue
Spring Valley, California 91977
Tel: (619) 295-1264
Email: netlawyr@aol.com
*Lead Attorney for Defendant*

A hard copy is being sent to chambers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 18, 2008.

/s/ **Joseph J.M. Orabona**
JOSEPH J.M. ORABONA
Assistant United States Attorney

08CR0972-WQH